UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Gerald Stevens,<br><br>        Complainant,<br><br>v.<br><br>CSX Transportation, Inc.,<br><br>        Respondent. | Case No. _____<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

## INTRODUCTION

1. Defendant CSX Transportation, Inc. has engaged in a pattern and practice of discriminating against employees who take medical leave, in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Honoring the FMLA requires businesses to bear the costs of retaining a greater number of employees to cover all shifts, which can be especially acute for businesses like CSX, which operates twenty-four hours a day, seven days a week, 365 days a year. By disregarding the FMLA's clear mandate, CSX has saved significant sums of money by reducing its total workforce, limiting its employees' lawful use of FMLA leave, and sending a clear message to the remaining employees: Take FMLA leave at you own peril.

2. CSX pattern and practice of violating the FMLA includes retaliating against Stevens. First, when Stevens tried to return to work from medical leave, CSX refused to return him, citing medical restrictions that could have easily been accommodated. Then, after Stevens recovered to the point of being restriction free and tried to return, CSX terminated him, claiming he had performed poorly despite every review he had ever received demonstrating exactly the opposite.

## PARTIES

3. CSX, which operates in this district, is a railroad carrier engaged in interstate and foreign commerce.

4. Stevens, who resides in South Carolina, worked for CSX for more than a decade.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Stevens's FMLA claims under 28 U.S.C. § 1331.

6. Venue is proper under 28 U.S.C. § 1391 because the illegal conduct occurred in this district.

## FACTUAL ALLEGATIONS

7. CSX hired Stevens more than a decade ago.

8. Stevens was a manager for CSX.

9. In August of 2017, Stevens had surgery on his shoulder.

10. The above-referenced shoulder surgery necessitated Stevens taking FMLA leave.

11. When Stevens tried to return to work, CSX refused return him, citing his medical restrictions.

12. The restrictions could have easily been accommodated.

13. Indeed, CSX had accommodated the same restrictions nearly a year prior, when Stevens had his other shoulder operated on.

14. Then, when Stevens recovered to the point of not having any restrictions and tried to return to work, CSX terminated him, claiming he was a substandard employee.

15. In every review CSX had ever givens Stevens, it had said the opposite.

16. Furthermore, the incident CSX used to justify its new opinion of Stevens was something that happened when he was on leave.

17. Because Stevens was on leave when the incident occurred, he could not have been responsible for it.

18. CSX real motive is clear: It terminated Stevens because he took FMLA leave, both because it believed he may try to use it again, and in order to scare other employees away from using it.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF 29 U.S.C. § 2601, *et seq.*

19. Section 2612(a)(1) of the FMLA entitles employees to up to twelve weeks of leave during any twelve-month period for certain reasons, including the employee's serious health condition.

20. Section 2615(a)(2) of the FMLA makes it is unlawful for "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]."

21. CSX interfered with, restrained, denied the exercise of the protected rights of, and discriminated against Stevens's rights under the FMLA when, among other things, it refused to return him to work with restrictions and subsequently terminated him.

22. Because CSX violated the FMLA, Stevens is entitled to compensatory damages for loss of income, including back pay, lost benefits, consequential damages, and front pay, as well as liquidated damages, garden-variety emotional distress damages, declaratory and injunctive relief, reinstatement, and other damages. Stevens is also entitled to attorneys' fees, costs, and interest incurred in connection with these claims.

23. CSX committed the above-alleged acts with reckless or deliberate disregard for the rights and safety of Stevens. As a result, he is entitled to punitive damages.

**REQUEST FOR RELIEF**

24. Stevens requests that the Court find CSX acted in direct violation of the FMLA.

25. Stevens further requests that the Court order CSX to:

- reinstate him;

- pay to him an award for compensatory damages arising from loss of income and benefits in an amount to be determined by the trier of fact;

- pay to him an award for costs (including litigation and expert costs), disbursements, and attorneys' fees; and

- pay to him an award for liquidated damages in an amount equal to him wage and benefit loss.

26. Stevens further requests that the Court order judgment against CSX for all other relief available under the FMLA and for such other relief as the Court deems just and equitable.

Dated: January 20, 2020

**ATTORNEYS FOR PLAINTIFF**

/s/ Audrey Schecter
Audrey H. Schechter (Fla. Bar. No. 962589)
Law Offices of Audrey Hildes Schechter, P.A.
P.O. Box 445
Largo, Florida 33779
Phone: (727) 223-2178
Email: audreyschechterlaw@gmail.com

Nicholas D. Thompson (will move for permission to appear *pro hac vice*)
THE MOODY LAW FIRM, INC.
500 Crawford Street, Suite 200
Portsmouth, VA 23704
Phone: (757) 393-4093
Fax: (757) 397-7257
Email: nthompson@moodyrrlaw.com

I hereby certify that on January 20, 2020 , I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

Law Offices of Audrey Hildes Schechter

Audrey Schechter (Bar #962589)

4