UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERALD STEVENS,

        Plaintiff,

v.                                 Case No. 3:20-cv-41-BJD-JRK

CSX TRANSPORTATION, INC.,

        Defendant.

# **O R D E R**

This cause is before the Court on Plaintiff's Motion to Compel (Doc. No. 25; "Motion"), filed June 21, 2021.[1] Defendant responded in opposition on July 6, 2021. See Defendant's Response to Plaintiff's Motion to Compel (Doc. No. 26; "Response").

Plaintiff initiated this action by filing a one-count Complaint ("Complaint") on January 20, 2020, alleging that Defendant violated the Family Medical Leave Act ("FMLA") when it terminated Plaintiff. See generally Complaint. The Complaint alleges as follows. Plaintiff had shoulder surgery, which "necessitated" him taking FMLA leave, and when he recovered and attempted to return to work, Defendant terminated him and claimed he was a "substandard employee." Id. at 2 ¶¶ 9-14; see also id. at 1 ¶ 2 (stating that

---

[1] Plaintiff's Motion does not contain a certification as required by Local Rule 3.01(g), United States District Court, Middle District of Florida. All future motions must contain a Rule 3.01(g) certification or they are subject to being stricken.

Defendant terminated Plaintiff, "claiming he had performed poorly . . ."). Plaintiff states that "every review [Defendant] had ever given [him] . . . had said the opposite." Id. at 2 ¶ 15; see also id. at 1 ¶ 2. Defendant apparently cited an "incident" (a train derailment) that occurred while Plaintiff was on FMLA leave, as justification for Plaintiff's termination. Id. at 2 ¶ 16. Plaintiff contends that he could not have been responsible for said incident as he was on FMLA leave when it occurred. Id. at 3 ¶ 17. Defendant's "real motive" (as Plaintiff alleges) for his termination is "because he took FMLA leave, both because [Defendant] believed [Plaintiff] might use it again, and in order to scare other employees away from using it." Id. ¶ 18.

In the Motion, Plaintiff seeks an Order compelling Defendant to produce "reports that will demonstrate the number of defects on his territory before, during, and after his tenure." Motion at 1; see id. at 3. Defendant "refused to produce any of the reports." Id. at 1. In support of his request, Plaintiff alleges that Defendant "has defended itself in this case by obfuscating [Plaintiff]'s discovery efforts and moving the target." Id. According to Plaintiff, Defendant "initially justified [Plaintiff]'s termination through [a train] derailment[,]" but "[a]fter [Plaintiff] proved that he was not responsible for the derailment . . . [Defendant]'s witnesses changed their tune," offering a "different reason" for his termination. Id. Plaintiff alleges that the "different reason" now being offered for his termination is due to "the number of defects on his territory." Id.

Responding, Defendant asserts Plaintiff's "Complaint alleges that [Defendant] terminated him for taking FMLA leave" but that "[i]n over a year of discovery, Plaintiff has discovered no evidence to support that claim." Response at 1. More specifically, Defendant argues that the Motion should be denied on the grounds that it 1) "relies on a false narrative regarding the course of discovery" and 2) "the information sought is irrelevant and disproportionate to the needs of this case as [Defendant] has already produced all relevant information to Plaintiff." Id. at 2-3 (argument one), 3-5 (argument two) (emphasis and some capitalization omitted).

Rule 34, Federal Rules of Civil Procedure ("Rule(s)") allows a party to "serve on any other party a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). Rule 26(b) states as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. A district court has broad discretion to compel or deny discovery. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011).

Upon review of the filings, the record as a whole, and the applicable law, the Motion is due to be denied for the reasons stated by Defendant. In its Response, Defendant represents that it "has already provided Plaintiff with four years' worth of data (from 2014 to 2018) related to the defects on his track, which is more than enough to show that the reason for his termination—his substandard performance—was justified." Response at 1-2. Further, Defendant purports that it has already "produced a spreadsheet documenting 1589 defects on Plaintiff's track discovered between July 15, 2014 and January 1, 2018." Id. at 4. This spreadsheet, as represented by Defendant, provides four years of defect information before Plaintiff's termination as well as six months of defect information after Plaintiff's supervision of the track ended. Id. Plaintiff's request, which would require Defendant to produce reports from thirteen (13) years prior to Plaintiff's termination, is irrelevant and disproportionate to the needs of this case. After due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel (Doc. No. 25) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on August 18, 2021.

JAMES R. KLINDT
United States Magistrate Judge

keh
Copies to:
Counsel of Record